### In re JAMES CAROTHERS & CO.

(District Court, W. D. Pennsylvania. March 28, 1911.)

No. 4,132.

In the matter of bankruptcy proceedings of James Carothers & Co. On certificate of referee and petition to review an order of distribution. Affirmed.

Chantler & McClung, for trustee.

Lyon & Hunter and Alexander Gilfillan, for exceptants.

ORR, District Judge. This matter comes before the court upon certificate of the referee had after exceptions and petition for review. The questions relate to the distribution of moneys derived from the New York account. That New York account was the subject of an opinion of this court filed on the 3d of November, 1910 (182 Fed. 501), in which the views of the court as to the parties interested in the New York account and the method of distribution among them of the moneys derived from the New York account were intended to be definitely determined. What the court then decided may have been misconceived by the referee for the account stated by him does not appear to be in accordance with the intention of the court, and must be restated.

The moneys in that special account and now for distribution belong to the parties whose securities were sold to make up the fund. The distribution is not in the nature of a dividend to creditors of the bankrupt, but in the nature of an equitable division among joint owners.

The total amount raised by the sale of all the securities held by Smith & Co. of New York is $101,028.44. The securities to be treated as margins deposited with the New York correspondents by the bankrupts, the unidentified dividends, and the bank balance amount to $8,635.43. This should be deducted leaving a balance of $92,393.01, as the total fund realized by the sale of the New York securities. Of that total fund there is a balance for distribution as shown by the receiver's account, and that balance for distribution is exclusive of the amount claimed for counsel fees and of an amount reserved for the payment of commissions of the referee.

Taking that balance, therefore, which amounts to $17,513.33, it is .189552 per cent. of the fund realized by the sale of all the stocks. Therefore, out of that balance the parties whose stock contributed to pay that account should receive that percentage of their several securities, unless they have otherwise been paid their entire claim against the estate of the bankrupt. The balance therefore should be distributed as follows:

| Owners. | Proceeds of Sale. | Dividend. |
|---|---|---|
| T. W. & M. E. Votter | $ 1,667 50 | $ 316 07 |
| F. A. Kimball | 5,999 20 | 1,137 15 |
| W. T. McKnight | 9,701 62 | 1,838 95 |
| George S. McKnight | 2,587 10 | 490 60 |
| George I. Rhoda | 2,374 00 | 450 00 |
| Daniel McCann | 882 10 | 167 20 |
| J. R. Crawford | 3,646 00 | 691 10 |
| Thos. W. Voetter | 1,841 17 | 254 22 |
| W. J. Crawford | 12,405 50 | 3,109 65 |
| M. F. Patterson | 2,910 50 | 551 69 |
| Henry Berg | 14,552 50 | 961 42 |
| | $2,758 45 | |
| | 961 42 | |
| | $1,797 03 | |
| | 5,748 25 | |
| C. F. Patterson, trustee, for the general creditors | 30,325 82 | 7,545 28 |
| | $92,393 01 | $17,513 33 |

Henry Berg's claim against the entire estate has been made up largely from other sources, and there is now due him as a general creditor but the sum of $961.42. Therefore, the difference between what should have come to him out of the New York stocks, had he not been made whole elsewhere, must go to the trustee for the general creditors.

As above stated, this is a distribution solely of the balance in the hands of the trustee as the proceeds of the sale of the New York securities. In addition to that balance, he has the sum of $1,000 properly applicable to attorney's fees and receiver's fees, and $175 for the referee's commissions.